IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMSTED RAIL COMPANY, INC., | |
| Plaintiff, | Civil Action No. 1:14-CV-02849 |
| v. | |
| TEMPER AXLE PRODUCTS CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Amsted Rail Company, Inc. ("Amsted Rail") alleges in its Complaint for Declaratory Judgment against Defendant Temper Axle Products Corporation ("Temper Axle") the following:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment that Amsted Rail does not infringe any valid claim of United States Patent No. 8,662,557 ("the '557 patent").

2. A true and correct copy of the '557 patent is attached hereto as Exhibit A.

**THE PARTIES**

3. Plaintiff Amsted Rail Company, Inc. is incorporated in Delaware with its principal place of business at 311 S. Wacker Drive, Suite 5300, Chicago, Illinois 60606.

4. On information and belief, Defendant Temper Axle Products Corporation is incorporated in New York with its principal place of business at 544 Persse Road, P.O. Box 1127, Fonda, New York 12068, and with an affiliated facility at 515 Industrial Drive, Fremont, Michigan 49412.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6. This action is filed to resolve an actual and justiciable controversy between the parties.  Defendant's conduct has put, and continues to put, Amsted Rail under a reasonable and serious apprehension of imminent suit alleging that Amsted Rail's manufacturing, sale, offering for sale, and use of train axle bearings and assemblies infringes the '557 patent.  As set forth below, a conflict of asserted rights exists among the parties and an actual controversy exists between Amsted Rail and the Defendant with respect to the infringement and scope of the '557 patent.

7. Upon information and belief, the Court has personal jurisdiction over Defendant Temper Axle because Defendant regularly offers and transacts business in and throughout the state of Illinois, including through the URLs: http://temperaxle.com, and http://best-wheel-life.com.  In addition, Defendant has further sought to assert the '557 patent against Amsted Rail's business operations in this District by alleging that Amsted Rail infringes the '557 patent and demanding that Amsted Rail immediately cease manufacturing, promoting, distributing, offering for sale or selling allegedly infringing train axle bearings and assemblies.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant has accused Amsted Rail of patent infringement in this District.

## CLAIM FOR DECLARATORY JUDGMENT

9. Amsted Rail realleges and incorporates by reference herein each and every allegation contained in paragraphs 1-8.

10. Through communications and conduct, Defendant has threatened assertion of the '557 patent against Amsted Rail in connection with the manufacture, promotion, distribution, offer for sale, sale or use of Amsted Rail's train axle bearings and assemblies.

11. On or about March 12, 2014, Defendant sent a letter to Amsted Rail in this District alleging that Amsted Rail infringes the '557 patent by selling in the United States a rail bearing that appears to be identical in structure to Defendant's patented train axle assembly covered by the claims of the '557 patent. Defendant also alleged that use of that rail bearing in conjunction with a train axle infringes the '557 patent.

12. Defendant also stated that it is entitled to seek a judgment that Amsted Rail discontinue manufacturing and selling train axle bearings and assemblies that allegedly infringe the '557 patent.

13. Defendant demanded that Amsted Rail (a) immediately cease manufacturing, promoting, distributing, offering for sale and selling allegedly infringing train axle bearings and assemblies; (b) provide Defendant with an accounting of the allegedly infringing train axle bearings and assemblies that Amsted Rail has sold in the United States from which Defendant can calculate a reasonable royalty, including the number of units sold, the manufacturing costs and selling price; (c) cancel all outstanding sale orders from customers in the United States and purchase orders from Amsted Rail's sources for the allegedly infringing train axle bearings and assemblies; and (d) identify by name and location all parties that supplied the allegedly

infringing train axle bearings and assemblies, including all divisions and affiliated U.S. and foreign companies.

14. Defendant also demanded that Amsted Rail provide a written response to the above allegations and demand within 10 days. Defendant stated that if it does not receive a response within that time it will assume Amsted Rail does not wish to resolve this matter amicably.

15. Amsted Rail denies that it infringes any valid claim of the '557 patent.

16. An actual controversy exists between Amsted Rail and the Defendant as to whether or not Amsted Rail has infringed, or is infringing the '557 patent; has contributed to infringement, or is contributing to infringement of the '557 patent; and has induced infringement, or is inducing infringement of the '557 patent.

17. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Amsted Rail is entitled to a declaration, in the form of a judgment, that Amsted Rail has not infringed and is not infringing any valid and enforceable claim of the '557 patent, either directly or indirectly, literally or under the doctrine of equivalents, and that Amsted Rail has neither contributed to nor induced such infringement. Such a determination and declaration is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amsted Rail prays for:

A. A declaration that Amsted Rail has not infringed, and is not infringing, any valid and enforceable claim of the '557 patent, either directly or indirectly, literally or under the doctrine of equivalents, and that Amsted Rail has neither contributed to, nor induced infringement thereof by another;

B. A permanent injunction enjoining Defendant, and its members, officers, employees, agents, affiliates, and assignees from asserting that Amsted Rail infringes the '557 patent;

C. An award of Amsted Rail's costs, attorneys' fees, and expenses pursuant to 35 U.S.C. § 285; and

D. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Amsted Rail respectfully requests a trial by jury.

Dated:  April 21, 2014

Respectfully submitted,

*/s/ David L. Witcoff*
David L. Witcoff
dlwitcoff@jonesday.com
Justin M. Philpott
jmphilpott@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago IL  60601-1692
Telephone:  (312) 782-3939

*Attorneys for Plaintiff Amsted Rail Company, Inc.*